# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-268

HOWARD C. MODLIN, JR.,                                          APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                    APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

## O R D E R

In a January 24, 2003, order, the Court granted the parties' joint motion for remand, vacated the Board of Veterans' Appeals decision on appeal, and remanded the appellant's claims for readjudication. Under Rule 41(b) of the Court's Rules of Practice and Procedure (Rules), that January 2003 order constituted the mandate of the Court. *See* U.S. VET. APP. R. 41(b) (order issued on consent to remand case constitutes mandate of Court). On February 21, 2003, the Court received the appellant's application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). *See Modlin v. Principi*, U.S. Vet. App. No. 02-268 (Feb. 21, 2003, docket entry noting EAJA application "RECEIVED").

On February 26, 2003, the Clerk of the Court (Clerk) sent to the appellant a Notice of Returned Papers (Notice) in which it was explained to him that his EAJA application was being returned to him because that application was not in compliance with Rule 32(b) of the Court's Rules. *See* U.S. VET. APP. R. 32(b) (regarding, inter alia, typeface and spacing requirements for text of documents filed with Court) (effective Feb. 14, 2003), 32(i) (regarding return of noncompliant papers). The Notice also indicated that corrective action must be received by the Court within ten days after the date of the Notice. On March 6, 2003, the Court received via facsimile and docketed as filed the appellant's corrected EAJA application.

On March 18, 2003, the Secretary filed a motion for clarification. In that motion, he asserts that the circumstances in the instant case make it difficult for him to determine when his response to the appellant's EAJA application is due under Rule 39(b) and what that response should address. Motion at 2-3. The Secretary also filed, on March 18, 2003, an unopposed motion for a stay of proceedings pending the Court's ruling on his motion for clarification; the Court, on March 20, 2003, granted the motion for a stay of proceedings.

Pursuant to an April 3, 2003, single-judge order, the Court dissolved the stay of proceedings; granted the Secretary's motion for clarification to the extent provided in its order; ordered that the appellant's corrected EAJA application would be filed as of the date of the receipt of his original

EAJA application; and ordered the Secretary to file a response to the EAJA application. At this time, the Court will revoke that single-judge order and will issue this order in its stead.

In the instant case, the Court originally received the appellant's EAJA application within the 30-day period prescribed by the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B) (party seeking EAJA award shall submit application within 30 days of final judgment in the action). *Compare Modlin*, *supra* (Jan. 24, 2003, docket entries noting vacatur and remand and Court's mandate), *with Modlin*, *supra* (Feb. 21, 2003, docket entry noting EAJA application "RECEIVED"). After the 30-day period expired, that application was returned to the appellant because of noncompliance with Rule 32(b). On March 6, 2003, within the ten days required by the Notice but outside the 30-day EAJA period, the appellant submitted a Rule 32(b)-compliant EAJA application; the Court filed the corrected application on that same date. Neither the EAJA nor applicable caselaw requires that an EAJA application be of a specific typeface or text spacing or precludes correction, outside the 30-day statutory period, of any such technical deficiency. *See Scarborough v. Principi*, 319 F.3d 1346, 1349-51 (Fed. Cir. 2003) (holding that EAJA application must be submitted within 30-day period and must include each of four requirements set forth in statute but allowing for supplementation outside 30-day period); 28 U.S.C. § 2412(d)(1)(B) (setting forth jurisdictional requirements); *see also Edelman v. Lynchburg College*, 122 S. Ct. 1145, 1149-50 (2002) (holding that, where statute did not indicate whether charge must be verified when filed, that statute was open to interpretation and agency's conclusion that verification could be filed after charge was reasonable). Indeed, to the contrary, this caselaw and the EAJA set forth the extent to which any EAJA-application criteria are jurisdictional. Thus, the Court will direct the Clerk to file the appellant's corrected EAJA application as of the date that the Court received his original EAJA application. The Court also will provide the Secretary with thirty days from the date of this order to respond to the appellant's EAJA application.

Upon consideration of the foregoing, it is by the single judge

ORDERED that the April 3, 2003, order is revoked. It is further by the panel

ORDERED that the stay of proceedings in the instant case is dissolved. It is further by the panel

ORDERED that the motion for clarification is granted to the extent provided in this order. The Clerk will file the appellant's corrected EAJA application as of the date that the Court received his original EAJA application. It is further by the panel

ORDERED that, not later than 30 days after the date of this order, the Secretary file his response to the appellant's EAJA application in accordance with Rule 39(b).

DATED:  April 22, 2003      PER CURIAM.